# EXHIBIT A

**MIAMI-DADE CIRCUIT COURT DOCUMENTS FROM:**

*In re Estate of Alfredo Blanco, deceased*, **Case No. 2020-005105-CP-02, Section PMH03 (Miami-Dade Circuit Court)**

1. Emergency Petition to Open Administration

2. Letters of Administration

3. Order Appointing Personal Representative

# EXHIBIT A-1

IN THE CIRCUIT COURT FOR MIAMI-DADE
COUNTY, FLORIDA       PROBATE DIVISION

IN RE: ESTATE OF

ALFREDO BLANCO, JR.,

File No.

Section

Deceased.

## EMERGENCY PETITION TO OPEN ADMINISTRATION

Petitioner, **EMMA R. BLANCO**, alleges:

1. Petitioner has an interest in the above-referenced estate as one of the children of Alredo Blanco, Jr. (the "decedent") and one of the heirs of his estate.

2. Petitioner intends to represent the estate of the decedent as a plaintiff to seek to recover money damages under the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, codified at 22 USC Section 6021, et. seq. (the "Helms-Burton Act") for acts of trafficking in property confiscated by the Cuban Government on or after January 1, 1959 (the "Claim") and as to which the estate of Alfredo Blanco, Jr. owns claims.

3. This administration needs to be opened on an emergency basis so that the Petitioner, as appointed personal representative, may represent the decedent's estate by year end, i.e. December 31, 2020, to uphold the ability to proceed as a plaintiff in the referenced Claim.

**WHEREFORE**, Petitioner requests that this Court consider the *Petition to Open Administration* and other opening pleadings on an emergency basis.

Signed on _Dec. 18_____, 2020.

William T. Muir
Florida Bar Number: 319074
Jeremy P. Leathe
Florida Bar Number: 983268
Attorneys for Petitioner
DUNWODY WHITE & LANDON PA
550 Biltmore Way, Suite 810
Coral Gables, FL 33134
Telephone: (305) 529-1500
Fax: (305) 529-8855
E-Mail: wmuir@dwl-law.com
         jleathe@dwl-law.com
Secondary E-Mail: aacosta@dwl-law.com
                   xnunez@dwl-law.com

# EXHIBIT A-2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-005105-CP-02
SECTION: PMH03
JUDGE: Rosa C Figarola

**IN RE: Blanco, Alfredo**

Decedent

_____/

## LETTERS OF ADMINISTRATION

TO ALL WHOM IT MAY CONCERN

    WHEREAS, ALFREDO BLANCO, JR. a resident of Miami-Dade County, died on December 10, 2006 ("Decedent"), owning assets in the State of Florida, and

    WHEREAS, EMMA R. BLANCO has been appointed personal representative ("Personal Representative") of the Decedent's estate ("Decedent's Estate") and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned circuit judge, declare EMMA R. BLANCO duly qualified under the laws of the State of Florida to act as Personal Representative of Decedent's Estate, with full power to administer Decedent's Estate according to law; to ask, demand, sue for, recover and receive the property of the Decedent; to pay the debts of the Decedent as far as the assets of Decedent's Estate will permit and the law directs; and to make distribution of Decedent's Estate according to law.

    These Letters of Administration are subject to the following restrictions:

- This Estate must be closed within 12 months, unless it is contested or its closing date is extended by court order.

- These letters do not authorize entry into any safe deposit box <u>without</u> further court order.

- The Personal Representative shall place all liquid assets in a depository designated by the Court pursuant to the Section 69.031, Florida Statutes ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.

- Attorney of Record shall file Receipt of Assets by Depository within thirty days of receipt of liquid assets by the Depository.

- These letters do not authorize the sale, encumbrance, borrowing, or gifting of any Estate assets without a special court order.

- If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

- Inventory shall be filed within 60 days.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>1st day of January, 2021</u>.

*Rosa Figarola*

2020-005105-CP-02 01-01-2021 11:53 AM

Hon. Rosa C Figarola

**CIRCUIT COURT JUDGE**

Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**

Cynthia Marquez, cmarquez@dwl-law.com

Jeremy P. Leathe, jleathe@dwl-law.com

Jeremy P. Leathe, xnunez@dwl-law.com

William T Muir, wmuir@dwl-law.com

William T Muir, DWL_E-Filing@dwl-law.com

William T Muir, aacosta@dwl-law.com

**Physically Served:**

# EXHIBIT A-3

Filing # 118949479 E-Filed 01/01/2021 11:58:15 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-005105-CP-02
SECTION: PMH03
JUDGE: Rosa C Figarola

**IN RE: Blanco, Alfredo**

Decedent

_____/

### ORDER APPOINTING PERSONAL REPRESENTATIVE

On the petition of EMMA R. BLANCO for administration of the above estate ("Estate"), the Court finding that the Decedent died on December 10, 2006, and that EMMA R. BLANCO is entitled to appointment as personal representative by reason of selection by a majority in interest of the heirs, and is qualified to be personal representative ("Personal Representative"), it is

ADJUDGED that EMMA R. BLANCO is appointed Personal Representative of the Decedent's Estate, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond in the sum of $0, Letters of Administration shall be issued.

This Order is subject to the following restrictions:

1. This Estate must be closed within 12 months, unless it is contested or its closing date is extended by court order.

2. Unless a bond has been issued and approved by this Court, the Personal Representative shall place all liquid assets in a depository designated by the Court pursuant to section 69.031, Florida Statutes ("Depository"). This is a frozen account. No funds can be withdrawn without a court order.

3. If Florida real estate is sold, per court order, a closing statement shall be filed, and the sale's net proceeds shall be placed in the Depository.

4. The Attorney of Record shall file receipt of assets by the Depository within thirty days from receipt of liquid assets by the Depository.

5.     There shall be no sale, encumbrance, borrowing, or gifting of any assets without a court order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>1st day of January, 2021</u>.

*Rosa Figarola* (signature)

2020-005105-CP-02 01-01-2021 11:52 AM

Hon. Rosa C Figarola

**CIRCUIT COURT JUDGE**

Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**

Adrya, aacosta@dwl-law.com
Cynthia Marquez, cmarquez@dwl-law.com
Jeremy P. Leathe, jleathe@dwl-law.com
Jeremy P. Leathe, xnunez@dwl-law.com
William T Muir, wmuir@dwl-law.com
William T Muir, DWL_E-Filing@dwl-law.com
William T Muir, aacosta@dwl-law.com

**Physically Served:**